UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES DENNIS HAWKINS,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>RON HAYNES,<br><br>　　　　　　　　Respondent. | CASE NO. C17-6007 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 18), and Petitioner Charles Dennis Hawkins's ("Hawkins") objections to the R&R (Dkt. 19).

　　On March 30, 2018, Judge Christel issued the R&R recommending that the Court deny Hawkins's petition on the merits because Hawkins has failed to show that the state court's adjudication of his due process claim was unreasonable or contrary to federal law. Dkt. 18. On April 11, 2018, Hawkins filed objections. Dkt. 19.

　　The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Hawkins objects to the R&R on the grounds that his due process rights have been violated because the Washington Department of Corrections ("DOC") has failed to accurately calculate his release date. Dkt. 19. The issue is a math problem, and the government has provided an explanation for the problem:

> Hawkins' sentence is 18,262 days long. Exhibit 12 ("Length In Days"). Hawkins was given credit for 179 presentence days and 89 jail good conduct days leaving 17,994 days to serve. Hawkins has 3,823 days of good conduct time thus far. Subtracting 3,823 days from 17,994 leaves 14,171 days to serve. Had the Department not credited Hawkins' sentence with earned time credits as he claims, his earned release date would be February 2, 2026 (adding 14,171 days to start date of April 17, 1987). That is not the date the Department calculated for Hawkins's release.
> Rather, the Department calculated an earned early release date of December 25, 2020. Exhibit 12 ("ERD"). The only way the Department was able to calculate that release date is by deducting Hawkins' earned time credits of 1,730 days he has earned as well as the 135 days he may still earn from his remaining confinement time. Subtracting 1,865 (1730 + 135) from 14,171 leaves 12,306 days left to serve. [Adding] 12,306 days [to] Hawkins' start date of April 17, 1987 results in an earned early release date of December 25, 2020. This is the date the Department calculated for Hawkins' release date. Exhibit 12 ("ERD").

Dkt. 14 at 9. Hawkins contends that this calculation is incorrect. He claims that he should get a 33.3% reduction in time for good behavior and earn an additional 5 days a month off his sentence if he is enrolled in educational or work programs. Dkt. 19 at 1–3; Dkt. 4-1 at 3–4. This calculation, however, appears to violate Washington law. "The statutory maximum for earned release time is 'one-third of the total sentence.' Under DOC procedures, 'earned release time' is made up of 'good time' and 'earned time.'" *In re Forbis*, 150 Wn.2d 91, 98 (2003) (citing RCW 9.94A.728(1)). Thus, the Court rejects

Hawkins objection that the DOC is failing to credit more than a third of sentence in earned release time.

Furthermore, in order to state a federal claim instead of an erroneous application of state law, Hawkins must show that the DOC violated a liberty interest by taking away credits that were earned without due process of law. Hawkins has failed to do so. The record reflects that the DOC has applied every day Hawkins has earned toward reduction of his sentence. Hawkins has failed to produce any evidence to the contrary.

Accordingly, the Court having considered the R&R, Hawkins's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Hawkins's petition (Dkt. 4) is **DENIED**;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter **JUDGMENT** and close this case.

Dated this 31st day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge